(Decided July 11th, 1860.)

---

# EDWARD LANE, and MARY his wife, *vs.* PETER FALLEN, and ANN his wife.

A *feme sole* loaned money to a *feme covert*, who had a *separate estate*, to assist her in improving her property. For a part of the money so loaned the *feme covert* gave *her note*. The *feme sole* then married, and she and her husband filed a bill against the *feme covert* and her husband, praying that this note might be paid out of her *separate estate*. The defendants pleaded in bar, and as an off-sett, a *judgment* for a larger amount, recovered by the husband against the complainants for the board of the *feme sole*, before marriage. HELD: That this judgment was a proper off-set to the complainants' claim.

APPEAL from the Circuit Court for Baltimore City.

The bill, in this case, filed on the 8th of June 1857, by the appellants against the appellees, alleges, that before the intermarriage of the complainants, the said Mary loaned money to the said Ann, who had a separate estate, consisting of real and leasehold property, to assist the said Ann in improving her property; that a part of the money was returned and the note of the said Ann, for $62.32, was given to the

said Mary for the balance, and the bill prays that the said Ann may be decreed to pay this note out of her separate estate, and for general relief.

The defendants, in their answer, admit the borrowing of the money and its application to the payment for improvements on the said Ann's property, and the execution of the note for the balance due, but they deny that the money was borrowed for that purpose, and they allege that the said Mary, before her marriage with the said Edward, boarded with the defendants and was indebted to them on that account, in the sum of $71.37, for which said sum the defendant, Peter Fallen, recovered a judgment on warrant before a Justice of the Peace, against the complainants, Lane and wife, which is still unpaid and unsatisfied, and which the defendants plead in bar to any claim the complainants may have against them, or either of them, and they deny the power of the said Ann to contract in manner and form as alleged by the complainants, or that she intended to charge her separate estate, or that the same is responsible at law or in equity for this pretended claim of the complainants.

A general replication was filed to this answer, and a commission to take testimony was issued, under which it was, among other things, proved, by the magistrate who rendered the judgment against Lane and wife at suit of Peter Fallen, that, within the time prescribed by law for taking appeals, the attorney for the defendants gave notice of an appeal from this judgment and an intention to file a bond, but never did so. The deed of trust, under which the defendant, Ann Fallen, claims her separate estate, conveys a house and lot to a trustee, "in trust, nevertheless, for the sole and separate use and benefit of the said Ann Fallen, without the let or control of her present, or any future husband, and with full power and authority to her, whether *sole* or *covert*, to sell or otherwise dispose of the same by any instrument of writing in the nature of a deed or will." The court (Krebs, J.) on passing the decree appealed from, delivered the following opinion:

"I am of opinion that the judgment, pleaded in this case,

by the defendants, is a bar to the claim of the complainants. It exceeds in amount that claim. The claim upon this judgment is of such a character as to bring it within the principles established by courts of equity in reference to the allowance of counter claims, or discounts in bar. The complainants have offered evidence for the purpose of proving that this judgment should not be regarded, by this court, as conclusive against them, because they were prevented, by surprize, from availing themselves of the privilege of appeal therefrom, and thus deprived of the opportunity of showing that it was erroneous, and that the claim which it established was unjust. But there is nothing in the pleadings upon which a right to be relieved from the judgment, on that ground, can be sustained. There are no statements in the bill anticipating the production of this judgment as a bar or set-off to the claim of the complainants, and setting forth, in advance, the facts and circumstances constituting the surprize relied upon against the conclusiveness of the judgment, nor are they set up in any other form in the pleadings. Under these circumstances, I must regard this judgment as in full force, and, therefore, a bar to the demand of the complainants in a court of equity. Entertaining these views upon this point, it is not necessary for me to decide the other questions that have been discussed at the hearing."

A decree was then passed, dismissing the bill with costs, from which the complainants appealed.

The cause was argued before Le Grand, C. J., Eccleston, Tuck and Bartol, J.

*L. M. Reynolds*, for the appellants, argued:

1st. That the money, mentioned in the bill, was borrowed by the defendant, Ann, of the complainant, Mary, and by the former expended in improving her separate estate, and that estate is liable for the payment of the note and interest. By the terms of the deed of trust to her, she has the power to sell, which includes the power to charge, and the only ques-

tion, then, is, did she charge her separate estate with this debt? She appropriated the money to the improvement of her house, and it went into, and now composes, a part of her separate estate. The money of Mary having been used in paying debts incurred in building the house, she became substituted for the persons doing the work and furnishing the materials. For authorities to sustain the liability of this separate estate for this claim, see *Willard's Eq.*, 646; 2 *Story's Eq.*, secs. 1398, 1400, *et seq.*; 7 *Paige*, 13, *North American Coal Co. vs. Dyett;* 22 *Wend.*, 528, *Gardner vs. Gardner;* 7 *H. & J.*, 302, *Price vs. Bigham's ex'cr.*

2nd. That the judgment filed in bar by the defendants is not such a claim as can be properly the subject of set-off to the complainant's claim; because, 1st, it is not a final judgment, and is not, therefore, of itself evidence of liquidated damages. The general replication put in issue the validity of this claim for set-off. The evidence of the magistrate shows that the complainants had taken their appeal from it. On the trial of that appeal, the defendant, Peter, would have had to prove his case exactly as though it had never been tried before the magistrate. 2nd. The claim of the defendant, Peter, (if it were a final judgment,) against the complainants, and the claim of the complainants against the seperate estate of the defendant, Ann, are not mutual and due in the same right. Admitting, therefore, the judgment to be final, it is no bar to the complainant's claim. The wife of the complainant, and the husband of the defendant, are mere formal necessary parties to this proceeding. 2 *Story's Eq.*, sec. 1368. 2 *Bright on Husband & Wife*, 255. One side of the case stands exactly as if the bill had been filed by, and is in law the claim of, Edward Lane against Ann Fallen, and it would be perfectly competent for Ann to set off or plead in bar any claim she might have, or might have purchased, against the said Edward, or against him and his wife; but I deny that Ann can say to Edward, "I will not pay you my note, held by you, unless you pay a judgment my husband has against you." The effect of that law would be, in case of the death or insolvency of Peter and Ann, that the credi-

tors or distributees of Ann would gain what the creditors or distributees of Peter would lose. That Peter assents to this arrangement does not help it, because he still retains in himself the property in the judgment. Suppose a creditor of Peter were to attach the judgment in the hands of Edward, and a creditor of Edward were to attach the note in the hands of Ann, could Edward plead his claim against Ann to the attachment of Peter's creditors, or could Ann plead the judgment to the attachment of Edward's creditors? I submit that they could not, that Ann must pay her note to Edward's creditor, and if Edward should happen to be insolvent, then Peter's creditor is no worse off than before. 3 *Md. Ch. Dec.*, 65, 71, *Robertson's Ex'cr vs. Parks.* 4 *Md. Ch. Dec.*, 13, *Watkins vs. Zane.* 12 *G. & J.*, 51, *Hall vs. Cresswell.*

*T. Parkin Scott*, for the appellees, argued:

1st. That the power of Ann Fallen to dispose of her trust estate, is restrained by the terms of the deed of trust, to be "by any instrument of writing in the nature of a deed or will," and she could dispose of, or charge it, in no other way. 11 *Md. Rep.*, 503, 506, *Cooke vs. Husbands.*

2nd. That if she had authority to charge her estate in any other manner, which is denied, yet there is no evidence to show that in giving her note to the appellant, Mary, she intended so to charge it. 1 *Md. Ch. Dec.*, 213, *Conn vs. Conn.*

3rd. That the judgment obtained by the appellee, Peter Fallen, against the appellants, was for a debt contracted by the said Mary to the said Ann, and is in full force and effect, no appeal having been prosecuted; and that in a suit at law by the appellants against said Peter on the note of his wife, this judgment would have been pleadable as a set-off; and that, under all the circumstances, it is a good defence in equity.

ECCLESTON, J., delivered the opinion of this court.

The decree appealed from dismissed the bill, upon the

ground, that the judgment presented in defence is a proper set-off against the claim of the complainants. Believing, as we do, that the circumstances disclosed by the record are sufficient to sustain the decision below, the decree will be affirmed. See *Smith & Talbott vs. Donnell,* 9 *Gill,* 89. *Ferris, et al., vs. Burton,* 1 *Vermont Rep.,* 439, 455.

> *Decree affirmed, with costs to the appellees.*

(Decided July 11th, 1860.)