EDWARD N. SPENCER and ROSALBA C. SPENCER, his
wife *vs.* EPHRAIM B. ALMONEY, Trustee.

*Competency of a party to a Contract to Testify, where the
Assignee of the other party to the Contract is Dead—Princi-
pal and surety—Set-off—Admissibility of parol Evidence to
show that the principal Debtor on the face of a Mortgage
made by two persons, was in fact the Surety of the other
Mortgagor—Incompetent witness—Effect of rejection of a
claim by the auditor—Practice in Equity.*

A mortgage was made by E. N. S. and his wife of the separate estate
of the wife. The mortgagee assigned the mortgage to M., who
afterwards died. After the death of M., A. as trustee of her estate,
advertised the mortgaged property for sale under a power of sale
contained in the mortgage. On a bill filed by the mortgagors
against the trustee, to have certain claims of E. N. S., the husband,
against the estate of M. set off against the mortgage debt, it was
HELD:

1st. That M. not being a party to the original mortgage contract, her
death did not render the husband incompetent as a witness, to
prove that the mortgage debt, while purporting on its face to be a
loan to the wife, was in fact a loan for the use and benefit of the
husband.

2nd. That it did not contradict the mortgage to show, that although
the money was lent to the wife by the mortgagee, yet as between
her, and her husband, he was the one beneficially interested in
securing the money, and she was, therefore, but his surety, and that
an equity therefore arose, to have his money applied in payment of
the mortgage debt.

3rd. That this was entirely collateral to, and independent of, the
contract made by the mortgage, and in no way impaired or con-
tradicted it, and was therefore admissible.

4th. That treated as the debt of the husband, he had a right to have
the debt due by his creditor set off against the debt due by him
and his surety.

5th. That this application of set-off was not in conflict with the law protecting the property of the wife from the debts of the husband.

One of the claims sought to be set off against the mortgage debt, was a bill for medical services rendered M., and paid by E. N. S. This claim had been presented by E. N. S. against the estate of M., and was disallowed by the auditor. HELD:

1st. That E. N. S. was not a competent witness to prove this claim, the party against whose estate it was made being dead.

2nd. That the rejection of this claim by the auditor was not conclusive, there not appearing to have been any order of Court rejecting it, and it being omitted from the account of the auditor simply for want of proof.

3rd. That the claim was still a valid and subsisting cause of action, and capable of being pleaded as a set-off, and if sustained by proof should be allowed. And the complainants should, therefore, be allowed to take further proof in support of the claim.

The defendant claimed that E. N. S. individually owed the estate of M., a sum greater in amount than the two claims sought by him to be set off against the mortgage debt, and, that said claims of E. N. S. should be set off against his individual debt, rather than against the mortgage debt. HELD:

That the said individual debt of E. N. S. was not the subject-matter of a suit in this cause, and the principle of set-off is only applied where a suit is brought to recover the debt to which the set-off is to be applied.

There is no such thing as a set-off to a set-off.

The power a party has to make an application of his claim of set-off to any debt in suit, is like his power to apply the payments he makes to any debt he chooses; and it has never been thought censurable for a principal to apply his payments first to the relief of his sureties.

Where a claim is rejected by the auditor for want of proof, the practice is to allow further time for proof before final rejection.

APPEAL from the Circuit Court for Harford County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, ALVEY, IRVING and MAGRUDER, J.

*Bernard Carter*, for the appellants.

Though the debt, which the appellant, Edward N. Spencer, claims to set off ($405) against the mortgage debt due by him and his wife, is due to him *alone*, yet he has a right to set it off against the mortgage debt, because—he is the *real* debtor of the mortgage indebtedness; it was money borrowed for use in his business, in which his wife had no interest.

He is asked—"Whose debt was the mortgage of May 21st, 1867, given to secure?" He answers—"*My own debt;* the money was borrowed to be put into my business; *my wife had no interest in it.*" He is a perfectly competent witness to prove this fact. The mortgagee, from whom the money was borrowed, was A. J. B. Almoney, (a brother of the present appellee,) and not Mary Meredith, who is the only person of whose death there is any evidence.

There is no incompetency in Spencer as a witness, therefore, growing out of the exception in the statute which makes incompetent one of the parties to the contract where the other is dead. Nor is the evidence inadmissible upon the ground that its effect is to contradict the written mortgage. This mortgage recites that the loan was made to Mrs. Spencer, the joint note of Mr. and Mrs. Spencer being given therefor.

Neither the object nor effect of the evidence, is in any way to contradict the recitals, nor vary the terms of the contract as contained in the mortgage. It is not claimed that as between the mortgagee and mortgagors the money was not loaned by the mortgagee to Mrs. Spencer. But it in no way contradicts this, to show, that though it was loaned to her, by the mortgagee, yet as between her and her husband, he was the principal debtor, and she but

surety. This evidence is altogether collateral to and independent of the contract as made by the mortgage, and in no way contradicts or affects it, and is clearly admissible. *Carpenter vs. King*, (SHAW, C. J.,) 9 *Metcalf*, 515.

As it is thus clear that the real principal responsible for the mortgage debt is Edward N. Spencer, and that as between himself and his wife, she is only responsible as surety; it is settled that a debt due by the creditor, (the trust estate of Mary Meredith) to the principal (Edward N. Spencer,) may be set off against the debt due jointly by the principal and the surety, (Mrs. Spencer,) *even at law*. *Ex parte Hanson*, 12 *Ves., Jr.*, 346; *Mahurin vs. Pearson*, (PARKER, C. J.,) 8 *N. H.*, 541; *Bechervaise vs. Lewis, Law Rep.*, 7 *Com. Pl.*, 372; *Concord vs. Pillsbury*, 33 *N. H.*, 310, 317; *Hollister vs. Davis*, 54 *Pa.*, 508; *Winston vs. Metcalf*, 6 *Alabama*, 760; 2 *Story's Eq.*, 1437, (*sec.*)

And *in equity* a set-off will be allowed where reason and justice require it, although not authorized by any statute of enactment. *Smith & Talbott vs. Donnell*, 9 *Gill*, 89; *Lane and Wife vs. Fallen and Wife*, 16 *Md.*, 352.

In the latter of these two cases, 16 *Md.*, 352, it is expressly held that in a suit by husband and wife against husband and wife, on a note of the defendant wife, given before marriage, the defendant husband might set off in equity a judgment against complainants in his favor.

Here it is eminently equitable that as the mortgage indebtedness was really incurred for the benefit of the husband, *he* should pay the said indebtedness, and not that the same should be made out of the land of the wife, who was really but surety.

It is to be well noted that this desire to have the $405 applied in liquidation, *pro tanto*, of the mortgage, is the joint act of the two, the husband and the wife; and, therefore, no cases are applicable which hold that the

wife's property is to be held free of the debts of the husband.

It is not contended that without the assent of the wife, the husband, when sued on his debt, could set off a debt due to his wife, or to him in her right, but only that he may pay their joint debt, in which he is the real principal, with a debt due by the plaintiff to him.

The same considerations apply to the bills paid to Dr. Alan P. Smith. That they were not allowed, in the auditor's account, cannot be a reason, if properly proved, why they should not be allowed in this case. Claims are frequently not allowed by an auditor, because the proof is defective. Certainly the mere *non-allowance* by an auditor cannot be held an *adjudication* that the claim is invalid.

Nor is the fact that Mr. Spencer is also indebted to the trust estate on the $600 note—any reason why the $405, and the amounts of the bills paid to Dr. Alan P. Smith, are not on the demand of the appellants to be applied to the payment of the mortgage.

Being the subject of set-off, the debtor has the right to apply it to either debt he choses, just as if he had made a payment in money, he would have had the right to apply it to either debt. *Concord vs. Pillsbury,* 33 *N. H.,* 310, 317.

And it is settled, in Maryland, that where a debtor is indebted on mortgage and simple contract, and neglects when he makes a payment to apply it, the law will apply it to the mortgage. *Laeber vs. Langhor,* 45 *Md.,* 482.

*D. G. McIntosh,* for the appellee.

The item of $56 claimed by the complainant as a credit, has already been adjudicated adversely to him. The charge is identical with that presented before the auditor and disallowed by him, as well as by the Court upon exceptions taken. Even were it otherwise, and the matter *res integra,* there is no proof to establish the claim,

for Edward N. Spencer is an incompetent witness. He claims to have paid certain medical bills against Mary Meredith, with her knowledge and consent. She is dead, and as to the other party to the contract, he is incompetent as a witness under the Evidence Acts of this State.

The principle of set-off is not applicable in this case. Edward N. Spencer, the complainant, is indebted to the estate of Mary Meredith, in the sum of six hundred dollars by his promissory note; and the said estate is indebted to him in the sum of four hundred and five dollars, as allowed by the auditor; these claims are mutually the subject of set-off against each other, but complainant seeks to set off his claim against the mortgage debt due the estate by his wife, Rosalba. These latter, it is submitted, are not *mutual and existing in the same right*, and, therefore, proper subjects of set-off, and it is not a question of the application of credits, in which the law would apply the credit to the higher security, but the question is, can there be any set-off at all.

The mortgage debt was that of Rosalba C. Spencer. The deed of mortgage recites that the loan of the money secured thereby, was to *her*. The land pledged for the payment of the debt, was *her separate estate;* the husband joined in the execution of the instrument to comply with the statutory requirement, and it was agreed that " until default be made in the premises, the said Rosalba C. Spencer, shall possess the property." Such are the recitals and agreements contained in the mortgage, and their *legal operation and effect* cannot be qualified or changed by testimony *aliunde.* The offer of Edward N. Spencer to show by his own testimony, that the debt so created was his own instead of his wife's, must be entirely rejected, because, in the first place, he is an incompetent witness to prove it, and second, it is an attempt to qualify the *legal effect* of the instrument. It does not explain, but it contradicts the deed.

There is, in this case, no room for any testimony, the deed speaks for itself; its provisions are plain and free from ambiguity, and the intention of the parties must be ascertained from the terms of the instrument, and from those alone. *Dixon vs. Clayville,* 44 *Md.,* 573; *Fusting vs. Sullivan,* 41 *Md.,* 162; *Stockham vs. Stockham,* 32 *Md.,* 196. Especially is such testimony inadmissible to qualify the deed as against Mary Meredith. *Campbell vs. Lowe,* 9 *Md.,* 500; *Grove vs. Rentch,* 26 *Md.,* 367.

The rule of set-off is thus stated: "To authorize a set-off, the party owing money on one side, must be the party to whom it is due on the other." 5 *Robinson's Practice,* 969.

Again, "Courts of equity are governed by the same rules in regard to set-off as Courts of law, and to entitle a party to set-off, the debts must be mutual, and exist between the parties in the same right. A separate debt cannot be set off against a joint debt, nor a joint debt against a separate debt. In *Hall's Adm'r vs. Cresswell,* 12 *G. & J.,* on appeal from a Court of equity, this Court has said, the right of set-off is reciprocal, and mutual claims, and such as are in the same right can alone be set off." *Penniman vs. Loney,* 40 *Md.,* 475.

There must, in any event, be something more than the mere existence of an off-set, to entitle the complainant to relief. He must show an equitable title to relief. "The doctrine of set-off, (says ALVEY, J., in quoting from Chancellor KENT, in *Smith vs. Washington Gas Light Co.,* 31 *Md.,* 17,) was borrowed from the doctrine of *compensation* in the civil law, * * * and Mr. Justice STORY states the rule in very much the same terms, and says what appears to be established by all the authorities, that the mere existence of cross-demands will not be sufficient to justify a set-off in equity, and that it is only when the party seeking the benefit of it, can show some equitable ground for being protected against his adversaries, demand that set-

off in equity will be allowed." 2 *Story's Eq. Juris., secs.* 1436, 1440 and 1441; *White vs. O'Brien,* 1 *Sim. & Stu.,* 551; *Rawson vs. Samuel,* 1 *Craig & Phil.,* 172.

Again, "set-off is ordinarily allowed in equity in those cases only, when the party seeking the benefit of it, can show some equitable ground for being protected against the demands of the other party; the mere existence of cross-demands will not be sufficient." *Smith's Manual of Equity,* 359.

What equitable ground can the complainant, Edward N. Spencer, furnish? He is proved to owe the estate of Mary Meredith, $600 on his promissory note, and he has shown no reason why obligations which are unquestionably in the same right, should not be balanced against each other. But his *inequity* consists in attempting to deprive the estate of a higher security, and remit it to a suit at law upon his own note, the recovery of which may be doubtful.

MAGRUDER, J., delivered the opinion of the Court.

The bill was filed by the appellants, to restrain the appellee, trustee of the estate of Mary Meredith, now deceased, from selling certain real estate, the separate estate of the wife, under a power of sale in a mortgage, executed by her husband and herself, to one A. J. B. Almoney, to secure a loan of $500, and which was assigned to Mary Meredith, after being reduced by a payment, to the sum of $350, as of December 12th, 1868.

The ground for the relief prayed, was that the appellant, Edward N. Spencer, has a claim against the estate of the said Mary Meredith, which was in course of settlement in the Circuit Court for Baltimore County, in equity, amounting to the sum of $405, as of September, 1875, and which had been allowed him by the auditor's account, and which the complainants ask to have allowed as a set-off against the mortgage debt; and that there was also

due said Spencer, the sum of $56, with interest, from July 1st, 1871, for a medical bill paid Dr. Alan P. Smith, for the said Mary Meredith, which is also claimed as a set-off; and that by making these applications, there remained only the sum of $11.11, due on the mortgage debt, which is offered to be brought in to be paid; upon which being done, it is claimed the mortgage should be declared satisfied and released.

The answer admits the allowance of the claim of $405, against the estate of Mary Meredith, in the Circuit Court for Baltimore County, in equity, that the medical bill was filed with the claim of the said Spencer, and was disallowed by the auditor, and is now barred by the order of the Court passed upon the said account; denies the right to have the $405 set off as against the mortgage debt, on the ground that the latter is the debt of the wife alone, and the claim is due the husband, and therefore, in different rights; and that the defendant holds the note of the said Spencer for $600, given to Mary Meredith, and claims the right to have the $405 applied to that note.

The complainants in order to maintain the right to have the $405 applied as a set-off to the mortgage debt, undertake to show that the mortgage debt while purporting on its face to be a loan to the wife, Rosalba Spencer, was in fact a loan for the use and benefit of the husband Edward; and that, therefore, he being the principal, and she but a surety, he is entitled to have this claim set off, as both debts stand in the same right. It is objected that Edward N. Spencer, by whom it is sought to show that the mortgage debt was his debt, being for money borrowed to be put in his business, his wife having no interest in it, is not a competent witness, Mary Meredith being dead. But the person from whom the money was borrowed, the original mortgagee, was A. J. B. Almoney, and not Mary Meredith, and therefore the question does not come within the exception contained in the statute

excluding the survivor from testifying where the other party to the contract is dead; and the witness therefore was not incompetent, and as the fact is testified to by him without any attempt at contradiction, it must be taken as true. But it is claimed this is an attempt to contradict the terms of the mortgage, which states the debt to be that of the wife. It is to be observed however that this is not an effort to defeat the effect of the mortgage as such, or to impair its validity as to the parties thereto, and as a security for the mortgage debt, for which full effect is to be given to it for all the purposes for which it was designed. It does not contradict the terms of the mortgage to show that although the money was lent to the wife by the mortgagee, yet as between her and her husband he was the one beneficially interested in securing the money, and she therefore was but his surety, and that an equity therefore arises to have his money applied in payment of the mortgage debt. This is entirely collateral to, and independent of, the contract made by the mortgage, and in no way impairs or contradict it, and is therefore admissible. *Carpenter vs. King*, 9 *Metcalf*, 515.

Treated therefore as the debt of Edward N. Spencer, the right to have the debt due by his creditor set off against the debt due by him and his surety, is well settled. *Ex parte Hanson*, 12 *Vesey, Jr.*, 346; *Concord vs. Pillsbury*, 33 *N. H.*, 310; *Mahurin vs. Pearson*, 8 *N. H.*, 541; *Bechervaise vs. Lewis*, 7 *L. R.*, (*Com. Pl.*,) 372; *Hollister vs. Davis*, 54 *Penn.*, 508; *Winston vs. Metcalf*, 6 *Ala.*, 760; *Waterman on Set-off*, 287, (*sec.* 237.)

This is so even at law; but in equity especially will the principle be applied. *Smith & Talbott vs. Donnell*, 9 *Gill*, 89; *Lane vs. Fallen*, 16 *Md.*, 352.

The point presented by the appellee, that this application of set-off is in conflict with the law protecting the property of the wife from the debts of the husband, is untenable. It is not a case of applying the property of

the wife to the debt of the husband. On the contrary, if the mortgage debt were in fact the debt of the wife, the application of the set-off would be to relieve her estate, by applying the husband's property (the debt due him) to the discharge of her debt, which, so far from being to her prejudice, would be for her benefit. If the position were reversed, and the husband (sued upon his own debt) should attempt to set off a debt due to the wife, then the objection would have force, for that would be an attempt to apply the wife's property to the husband's debt. But the case here is, a claim to apply to a debt due by the husband and wife, in which as between themselves he is the principal, and she but surety, a debt due to the husband in his own right, and it is certainly equitable that her estate should be relieved by having his property applied in payment of a debt incurred for his own benefit.

The bills paid Dr. Smith stand on the same footing. They are not proven however. The only evidence is the testimony of Edward N. Spencer. But he is not a competent witness, the party against whose estate the claim is made being dead. The rejection of these claims by the auditor is not conclusive. There does not appear to have been an order of Court rejecting them. They were simply omitted from the account by the auditor, for want of proof. The practice is to allow further time for proof before final rejection. And that we are to presume the Court would allow if applied to. That being so, the claim is still a subsisting and valid cause of action, and therefore capable of being pleaded as a set-off, and if sustained by proof should be allowed; and the complainants should therefore be allowed to take further proof in support of the claim.

In regard to the right insisted on by the defendant to have Spencer's claim set off as against his note for $600, held by the defendant as trustee of Mary Meredith, rather than against the mortgage debt, it is only necessary to

36　　　　　v. 56.

say that the note for $600 is not the subject-matter of a suit in this cause, and the principle of set-off is only applied where a suit is brought to recover the debt to which the set-off is to be applied. From the very nature and definition of set-off, it is a mode of defence made by the defendant against the plaintiff in the suit, for the purpose of liquidating the whole or a part of his claim. (*Waterman on Set-off*, 1.) This offer of the defendant is a complete reversal of the conditions requisite for the application of the principle of set-off. The original suit is the proceeding for the sale of the land to pay the mortgage debt. As a defence to that, the complainants here ask to have a set-off allowed; and in so doing they really occupy the position of defendants in regard to the proceeding to enforce the mortgage debt, to which this bill is but ancillary, just as if made by way of answer to a bill filed for the sale of mortgaged premises. The proper place to ask the benefit of the set-off of the $600 note was in the equity suit where Spencer's claim was filed and allowed. If made there as a defence to that claim, the claim might have been thereby liquidated and discharged. But that was not done, and the claim was actually allowed as a subsisting cause of action. There is no suit here upon the $600 note, to which the set-off can be applied, and there is no such thing as a set-off to a set-off. We have no right to refuse the set-off asked, simply because in another case it might have been made the subject-matter of a set-off to another claim. We deal only with the case before us, of which alone we have control. This point was decided in the case of *Concord vs. Pillsbury*, 33 *N. H.*, 317, where the Court say: "It is contended, that the defendant's set-off should be made in the action in favor of the plaintiff against him personally, and not in this suit against him and his sureties. The Court may look to considerations of this kind, where an appeal is made to their discretionary power, as in cases of set-off of judg-

ments. But the Court has no power to refuse a set-off in any case where the party had by law a right to offer it. It is a legal defence, of which a party has a right to avail himself in any proper action. The power he has to make an application of his claim of set-off to any debt in suit, is like his power to apply the payments he makes to any debt he chooses, and it has never been thought censurable for a principal to apply his payments first to the relief of his sureties."

The claim of $405 is therefore to be allowed as a proper set-off to the mortgage debt; and the bills of Dr. Smith are to be so allowed if sustained by proper proof; for the purpose of allowing which to be taken, and of having a proper adjustment of the account between the parties, the cause should go to the auditor, and upon the ascertainment of the amount due upon the mortgage debt, and the bringing in of the same by the complainants, they will be entitled to a decree discharging and releasing the mortgage.

It follows that the order below must be reversed, and the cause remanded in order that further proceedings may be had in accordance with the views here expressed.

*Order reversed with costs, and*
*cause remanded.*