## THOS. C. RUDDELL *vs.* WILLIAM H. GREEN, Sheriff et al.

*Costs—Liability of Persons to Whose Use Judgment is Entered—Changing Entry in Trial Court After Appeal is Taken.*

Under Code, Art. 24, sec. 8, a person for whose use an action is marked, is liable for costs, where the entry of the use is merely for the purpose of giving the *cestui que use* a collateral security for a subsisting debt, as well as where an unqualified interest in the subject of the suit is assigned.

After a judgment had been rendered in the trial Court, one-half of it was entered to the use of R. The defendant in the judgment appealed, and at the time the judgment was reversed with costs, the docket of the Court of Appeals showed that the judgment was to the use of R. *et al.* Before the judgment of reversal, the entry to the use of R. was stricken out in the trial Court, and the entry made to the use of another person, but no such entry was made in this Court. The defendant in the judgment issued an execution against R. to satisfy the costs which had been adjudged against the appellees in this court. On a bill by R. to restrain the execution, *held*, that the entry made only on the record of the Court below, after the case had been argued in this Court, can not alter the relation of R. to the case as it stood on the records of this Court, or defeat the judgment of this Court as to costs upon the record as it appeared here, and that therefore the injunction asked for will be refused.

*Decided November 15th, 1906.*

Appeal from Circuit Court No. 2, of Baltimore City (DEN-NIS, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, BOYD, SCHMUCKER, JONES and BURKE, JJ.

*Henry Duffy* (with whom were *Thos. C. Ruddell* and *Sidney Hall* on the brief), for the appellant.

Code, Art. 24, sec. 8, provides that whenever a suit is marked for the use of any person, such person shall be liable for costs as if he were the legal plaintiff. It is submitted that this statute is intended to apply only to a case of absolute assignment of the legal plaintiff's interest to the *cestue que use*, and not to a case in which the assignment is for security for a debt; especially not to a case like the one at bar, in which the lien of the assignee is released before the rendition of the judgment awarding the costs.

The decisions in this State construing this statute are cases of absolute assignment or cases brought in the name of the State. *Selby* v. *Clayton*, 7 G. 242; *State* v. *Greenwell*, 4 G. & J. 417; *State* v. *Layman*, 46 Md. 192.

Allowance and taxing of costs is a matter of statutory origin. All statutes touching costs and fees must be strictly construed against the party claiming them. This is well settled law. *Conroy* v. *Frost*, 38 Mo. App. 354; 11 *Ency. of Law and Pro.*, 27.

It is submitted that the following New York statute is equivalent to the said section of Maryland Code:

"In actions in which the cause of action shall by assignment after commencement of action, or in any other manner become the property of a person not a party to the action, such person shall be liable for costs in the same manner as if he were a party, and payment thereof may be enforced by attachment." *Revised Statutes of N. Y. 1852, by Denio & Tracy,* vol. 2, p. 537, sec. 321.

In construing this statute it has been held: The assignee of a judgment who takes the assignment as collateral security

is not liable for costs if the judgment is afterwards set aside. *Miller* v. *Franklin*, 20 Wend. 632; *Peck* v. *York*, 75 N. Y. 423; *Davis* v. *Higgins*, 92 N. C., 204; *Dewet* v. *Perkins*, 25 Wis. 440; *Wolcot* v. *Holcomb*, 31 N. Y. 130; *Dowling* v. *Bucking*, 52 N. Y. 658; *Thorn* v. *Beard*, 23 N. Y. Civil Pro. 189.

The appellant was not liable for these costs because the entry to his use had been stricken out before the judgment was rendered by the Court of Appeals. The right to costs does not accrue or become vested until judgment. *Chamberlain* v. *West*, 5 N. Y. Legal Observer, 226; *Rader* v. *Union*, 36 N. J. L. 283; *Ross* v. *Harper*, 99 Mass. 177; *Supervisors* v. *Briggs*, 3 Denio, 174; *Warfield* v. *Watkins*, 30 Barbour, 401; *Hunt* v. *Middlebrook*, 14 Howard Prac. 301; *Torry* v. *Hedley*, 14 Howard Prac. 358; 5 *Ency. Pl. & Pr.*, 121; 7 *Ky. Law Reporter*, 592; *McGluchy* v. *Hall*, 58 Me. 156; 11 *Ency. Law & Pro.*, 97.

The Court declined to hear *E. Allan Sauerwein, Jr.*, for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

This is an appeal from an order passed by Circuit Court No. 2, of Baltimore City, on the sixteenth day of January, 1906. By that order a demurrer to the appellant's bill of complaint was sustained and the bill was dismissed with costs. As the right to the relief sought on the facts stated in the bill is the single question involved, we proceed at once to set forth briefly its averments. It appears, then, that in January, 1904, a certain Robert L. Miller recovered a judgment against The Bankers Life Insurance Company of New York City, in the Court of Common Pleas of Baltimore, and from that judgment an appeal was taken by the insurance company to this Court where it was heard and determined during the October Term of the same year. *100 Md. 1*. After the rendition of the judgment in the Court of Common Pleas one-half of the judgment was entered to the use of the present appellant, Thomas

C. Ruddell, Esq. When the record reached this Court the case as entered on the docket here was entitled "*Bankers Life Insurance Company of New York* v. *Robert L. Miller, use of Thomas C. Ruddell, et al.*," and it stood in that way when the jndgment appealed against was reversed with costs by this Court on November the eighteenth, 1904. Before the rendition of the judgment of reversal by the Court of Appeals the entry to the use of Mr. Ruddell was stricken out in the Court of Common Pleas, but not on the record of this Court, and another order was filed in the Court below entering one-half of the judgment to the use of another party. No copies of the docket entries made in the Court of Common Pleas were filed with the pending bill and we are therefore not apprised of the dates when these several last-named entries were made. A full dieclosure of those dates should have been made in the bill. No entry, however, of any sort respecting the striking out of the use to Mr. Ruddell or the entry of a use to any one else was ever made in this Court. We know this fact from an inspection of our own records. After the reversal here of the judgment in favor of Miller to the use of Mr. Ruddell, the insurance company procured an execution to be issued out of this Court to the Sheriff of Baltimore City commanding him to levy upon the lands and tenements, goods and chattels of Mr. Ruddell for the purpose of satisfying the costs adjudged against the appellees in the case reported in *100 Md. 1.* Thereupon Mr. Ruddell filed the bill now before us praying for an injunction to restrain the Sheriff and the insurance company from proceeding with that execution against him. To this bill both of the defendants demurred. The demurrer was sustained, the bill was dismissed and from that order, as has been already stated, Mr. Ruddell has appealed.

The sole ground upon which the appellant relies to secure a reversal of that order and to procure the injunction which he sought is, that at the time this Court reversed the judgment which had been entered to the extent of one-half to the use of Mr. Ruddell, he no longer appeared on the docket of the Court of Common Pleas as a party to the case, since he

had transferred his interest to the legal plaintiff therein who in turn had assigned it to some one else. Does that fact relieve him of liability for the costs imposed upon the appellees in *100 Md. 1*. This question differently stated comes to the inquiry: Can a party by an entry made only on the record in the *Court below*—and made after the case has been argued in this Court—; so alter his relation to the case as it stands upon the records of *this Court* as to defeat or thwart the judgment of *this Court* pronounced as to costs upon the record as it appears here? Naturally, the first step to be taken in solving this inquiry is to ascertain what liability, if any, as to costs Mr. Ruddell incurred by the entry to his use of the judgment rendered by the Court of Common Pleas in favor of Miller against the insurance company, As that liability, if it exists at all, is founded on statutory provisions, to those provisions recourse must be had so that its scope may be determined. By *sec. 8 of Art. 24 of the Code of 1904*, it is declared: "Whenever any suit or action, whether in the name of the State or of an individual shall be marked for the use of any person, the person for whose use such suit or action is marked shall be liable for costs if he were the legal plaintiff." This enactment on its face is perfectly plain. It expressly declares that the person for whose use a suit or action is marked shall be liable for costs as *if he were the legal plaintiff*. The measure of the legal plaintiff's liability for costs is therefore the measure of the like liability of the person for whose use the suit or action is marked. The liability of the *cestui que use* for costs becomes fixed the moment the case is *marked* to his use with his knowledge and consent, and as the liability thus fixed is commensurate with the liability of the legal plaintiff it must continue just so long as the like liability of the plaintiff lasts. The section above quoted from the Code of 1904 is a literal transcript of *sec. 8 of Art. 27* of the Code of 1860, and as there codified it was composed of the *Acts of 1794, ch. 54, sec. 10; 1796, ch. 43, sec. 13, and 1801, ch. 74, sec. 10. Mayers Digested Cases*, 389. The first of these Acts in its tenth section provided that when a suit was brought on any administration,

testamentary, inspector's, collector's or Sheriff's bond the Clerk should before issuing the writ endorse thereon the name of the party at whose instance and for whose use the suit was instituted, and that if judgment went against the plaintiff, or the suit was *non prossed* or discontinued the party at whose instance the suit was instituted shall be answerable for the costs and may be proceeded against in the same manner as if he had been entered by a rule of Court the security for such costs of suit. 1 *Dorsey's Laws*, 314. The second Act was repealed by the *Act of 1801* which in *sec. 10* declared that when *any* action is brought and it shall be entered on the record that said action is brought for the use of any other person, the party for whose use the action was brought shall be answerable for the legal costs, if the suit be discontinued or *non prossed* or if there be a judgment for the defendant, and the same proceedings could be had as were prescribed in the *Act of 1794.* 1 *Dorsey's Laws*, 460. Under the Act of 1801 it has been held that the legal plaintiff was not absolved from responsibility for costs. The security provided by that statute was cumulative; and hence, when judgment was rendered for the defendant the costs were always adjudged againt the legal plaintiff, but the successful party might proceed either against him, or against the *cesti que use. Selby et al.* v. *Clayton*, 7 *Gill*, 242. The Act of 1794 had relation to suits on bonds in which the State was obligee, and it *required* the name of the party for whose use the suit was brought to be entered on the record. The Act of 1801 was not confined in its application to suits on bonds given to the State, but included *any* action which was entered to the use of another person, whether the entry was made by the voluntary act of the party or by the compulsion of a legislative enactment. Sec. 8 of Art. 27 of the Code of 1860, now sec. 8 of Art. 24 of the Code of 1904, materially changed the language of the prior enactments; for under the Code the person for whose use a suit or action is *marked* shall be liable for the costs, *as if he were the legal plaintiff.* Under the prior legislation such a person could be proceeded against as if he

had been entered by a rule of Court the *security* for the costs of suit; under the Code he is made liable *as if he were the legal plaintiff.* There is no qualification of this liability and no language employed in the Code to indicate that the legislation was designed to apply to a limited class of cases. There is nothing on the face of the section to suggest that its provisions were intended to embrace only instances in which the *cestui que use* acquired an absolute interest in the suit or the judgment; and most clearly there is not a word or syllable implying that the section was *not* to include a case where the entry of the use was made merely for the purpose of giving to the *cestui que use* a collateral security for a subsisting debt. Mr. Poe in his admirable work on Practice, *sec. 206*, in speaking of the "effect of the entry" of a suit to the use of another person, says: "Thereafter" (that is, after such an entry has been made) "the party to whose use the case is entered becomes the equitable plaintiff, and as such is liable for the costs, to the same extent as the legal plaintiff is." In this interpretation of the provision now under discussion no distinction is drawn between an entry which assigns an unqualified interest in the subject of the suit, and one which creates a conditional or secondary interest by way of collateral security. The phraseology of the statute does not warrant such a distinction, and in this respect it differs from the legislation of New York and Wisconsin to whose decisions the appellant has referred to support his contention that our Code does not apply to a case in which the entry of the use has been made to secure a debt. The New York and Wisconsin cases cited in the appellant's brief are based upon the respective statutes of those States, and those statutes are wholly different from ours. Thus in the *Revised Statutes of New York*, 1852, vol. 11, sec. 321 it was enacted that: "In actions in which the cause of action shall by assignment after the commencement of the action, or in any other manner *become the property* of a person not a party to the action, such person shall be liable for costs in the same manner as if he were a party, and payment thereof may be enforced by attachment."

It is obvious that this provision related only to such assignments as made "the cause of action" "become the property of the person" to whom it was transferred, and necessarily, therefore, an entry to the use of another merely for the purpose of giving the latter a collateral security for a debt did not constitute the *cestui que use* the *owner* of the cause of action. Inasmuch as by such an entry the cause of action did not "become the property" of the assignee he was not within the terms of the statute and consequently not liable for costs. The Wisconsin statute is in the same words; (*Rev. Sta.*, 1858, ch. 133, sec. 50,) and of course would receive the same imterpretation. On the other hand our statute contains no qualifying words restricting its application to cases of absolute assignments of causes of action; but distinctly includes "any suit or action" which may be "*marked*" for the use of any person, and expressly makes "the person for whose use such suit or action is *marked*" liable for costs "*as if he were the legal plaintiff*," without any reference whatever to the quality, the character or the extent of the interest which he might have in the cause of action by virtue of the suit or action being *marked* to his use.

Such being the liability for costs that a party incurs by having a suit or action marked to his use, what effect upon that liability did the transfer in the Court below by Mr. Ruddell to the legal plaintiff, have? The judgment for costs entered by this Court when it reversed the judgment in favor of Miller use of Ruddell against the Insurance Company, was a judgment rendered on the record *in this Court*. It had no relation whatever to the state of the record in the Court of Common Pleas. Entries made in the last named Court *after* the transcript of the proceedings had been filed in this Court can have no effect upon the *status* of the case here, when the transcript had not been amended in an appropriate way to correspond with the changes made in the Court below. We pass judgment here on the record as it remains in this Court and not upon it as it may have been changed in the Court below after the transcript of it had been transmitted to this Court. An

*ex parte* substitution in the lower Court of one *cestui que use* for another after the record disclosing the name of the latter as the equitable plaintiff had been filed in this Court, cannot defeat or nullify the effect of the judgment for costs which this Court may render on the record as it appears here. Whatever effect, if any, the retransfer to Miller may have had in the Court below, it is obvious that it had none at all in this Court, since no entry was made here at all. So far as concerned the proceedings in this Court Mr. Ruddell continued to be the party to whose use the suit was marked, notwithstanding the entries made in the Court of Common Pleas; and as such party he was and still is liable for costs, "as if he were the legal plaintiff." Whilst it is true that the right to costs does not become vested until final judgment has been pronounced, nor do they, until then, become a debt against the party on whom they are imposed, 5 *Ency. Pl. & Pr.*, 121; *Ross* v. *Harper*, 99 Mass. 175; still the *liability* for costs attaches, under the Code, to the person for whose use the suit is marked, at the moment he is thus made the *cestui que use*. That liability continues, precisely as the liability of a surety for costs continues, until the final determination of the case; when, if the judgment be against the plaintiff, the liability at once ripens into a debt due by the party on whom they are imposed. In the case at bar the record in this Court remained unchanged as to the *cestui que use* and when the judgment for costs was pronounced it was pronounced against the plaintiffs of record in this Court, that is to say, against the legal plaintiff and the person to whose use the suit was marked in this Court. As was said in *Tucker* v. *Gilman*, 58 Hun. 167, affirmed in 125 N. Y. 714, the design of the statute subjecting the *cestui qui use* to a liability for costs "was evidently to declare the assignee liable for intermeddling or dealing in the unfounded legal controversies of other persons. He can by the assignment to him acquire all the chances of success, but after he shall have done that and they fail, then under the law he may be ordered to pay the costs of the defendant." We consider the statute a salutary one, and we are not disposed

to narrow, by a construction founded on a mere conjecture as to the Legislature's intention in adopting it, its just and beneficent provisions.

Since the appellant is liable to pay the costs adjudged against him and Miller, by this Court in the case of *The Bankers Life Insurance Co.* v. *Miller,* 100 Md. 1, Circuit Court No. 2 was right in sustaining the demurrer, and in dismissing the bill of complaint and its order to that effect will be affirmed.

> *Order affirmed, with costs above and below.*