## WILLIAM B. WILLSON *vs.* W. EASON WILLIAMS ET AL.

*Costs—Equitable Set-off—Payment of Costs by Third Party—Subrogation.*

The fact that one not a party to a suit pays the costs incurred by a party to the Clerk of Court, Examiner, etc., does not entitle him to be subrogated to the rights those persons would have if the costs had not been paid, in order to secure repayment when the costs of the case are finally adjudged in favor of the party for whom he made the payment.

If the costs incurred by one of the parties during the progress of a cause are paid by a third person, the right of such third person to reimbursement is primarily against the party for whom the costs were paid, and if such party be the successful one to whom costs are awarded, the right of the third person to any part of these costs is only through and by virtue of the right of the successful party thereto. The right of such third person can be no higher than that of the successful party, and such right is subject to all the equities which would exist against that party himself.

A bill in equity was filed by A against B and C. The lower Court dismissed the bill as against C and granted relief as against B. Upon his appeal, the bill was dismissed against him also, with costs above and below. B ordered the issue of a writ of execution for the costs so awarded, which had been paid, when A filed the bill in this case alleging that B was insolvent and was indebted to him in a sum in excess of said costs, to recover which he had instituted an action at law, and he asked that the issuing of the writ of execution be enjoined, and that his (A's) claim be set off against B's claim for costs. A paid the amount of the costs into Court. C then intervened, alleging that he had paid the costs for B, and asked that he be repaid the amount of his advance out of the sum so deposited. *Held*, that C as a third party who paid the costs for B, is not entitled to be repaid out of the sum due by A to B, and that A is entitled to enforce his claim as an equitable set-off against the costs so awarded to B.

*Decided June 25th, 1908.*

Appeal from the Circuit Court No. 2, of Baltimore City (GORTER, J.)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, WORTHINGTON and HENRY, JJ.

*David Fowler* and *George Whitelock* (with whom was *W. Thomas Kemp* on the brief), for the appellant.

*Thomas G. Hayes* and *J. Milton Lyell* (with whom was *Joseph N. Ulman* on the brief), for the appellee.

WORTHINGTON, J., delivered the opinion of the Court.

The object of this proceeding is to obtain the benefit of an equitable set-off.

In order that the precise nature of the controversy involved

in this appeal may be understood, it will be necessary to review the proceedings in the case of *Willson* v. *Williams*, which was before this Court at the October Term, 1907, and out of which the present controversy arose.

The proceedings in the earlier case are substantially as follows: On February 10th, 1905, W. Eason Williams, the appellee in this case, filed in the Circuit Court No. 2, of Baltimore City, a bill of complaint against Tyson Willson and Mary D. Willson, his wife, and against William B. Willson, the appellant herein, praying that a deed from W. Eason Williams and wife to Tyson Willson, dated April 2nd, 1904, and a mortgage from Tyson Willson to William B. Willson, dated May 4th, 1904, be annulled and set aside by a decree of said Court, on the ground that said deed was procured and recorded by fraud, and that the same was without consideration, and that said William B. Willson had knowledge that said deed was without consideration, and that the recordation of the same was fraudulent; and also that the mortgage to said William B. Willson was likewise fraudulent and void.

Subsequently, on March 11th, 1905, by an order of the complainant, W. Eason Williams, the case was entered to the use of Joseph N. Ulman, attorney and legal representative of a certain Allan M. Hirsh, a non-resident, who was a creditor of the complainant in a sum exceeding $10,000.

Subsequently the case was entered to the use of Allan M. Hirsh himself.

A great deal of testimony was taken in this earlier case, and the lower Court after argument dismissed the bill as to William B. Willson, but annulled and set aside the deed of April 2nd, 1904, from the complainant and wife to Tyson Willson. In dismissing the bill as to William B. Willson, the Court in its decree provided that he should have such costs to be paid by the plaintiff, W. Eason Williams, and the equitable plaintiff, Joseph N. Ulman, "as may be properly taxable in this case as incurred by the said defendant, William B. Willson, in defending the *bona fides* of his mortgage." From that part of the decree, annulling and setting aside the deed, an appeal was

taken, and this Court, in an opinion by JUDGE BURKE, filed December 6th, 1907, 106 Md. 657, reversed the same, and dismissed the bill of complaint, *"with costs to the appellants above and below."*

The amount of the costs above and below, was $914.15.

It must be remembered that the appellants in this earlier case, to whom these costs were awarded, were Tyson Willson and his wife, Mary D. Willson, the defendants in this case, and that the appellees against whom these costs were adjudged, were W. Eason Williams, Joseph N. Ulman and Allan M. Hirsh, the plaintiffs in this case.

On December 19th, 1907, the solicitors for the above named appellants, Tyson Willson and wife, mailed from Baltimore to the Clerk of the Court of Appeals an order directing him to issue the writ of *fieri facias* upon the decree of the Court of Appeals in that case, for costs above and below, against Joseph N. Ulman, one of the appellees therein, said writ to be directed to the Sheriff of Baltimore City and to be returnable to Circuit Court No. 2 of that city.

On the same day that this order for a *fieri facias* was received by the Clerk of the Court of Appeals, a motion for a reargument was received by him from the solicitors for the appellees, and filed.

The motion for a reargument was denied and this Court, in an opinion by CHIEF JUDGE BOYD, in disposing of the questions presented by the filing of the motion and order at the same time, held that the motion for a reargument did not operate as a stay of execution, and that the writ of *fieri facias* could be issued against Joseph N. Ulman, the appellee, to whose use the case had been entered on March 11th, 1905.

This opinion of the Court of Appeals was filed on January 15th, 1908, and on January 22nd, 1908, the bill of complaint in this present case was filed, setting forth the aforegoing facts, and further alleging that the complainants had instituted suit in the Superior Court of Baltimore City against Tyson Willson and Mary D. Willson, his wife, for the sum of $19,262.22, which they claimed to be due them by the defendants; that

said defendants, Tyson Willson and wife, were absolutely in-
solvent, and the complainants were without remedy in the
premises, unless the Court of equity would interfere, and the
complainants be permitted to set off their indebtedness for
costs to Tyson Willson and wife, against the indebtedness of
the latter to the complainants above mentioned.

The prayers of the bill were for an equitable set-off, against
the defendants; for an injunction restraining the issuance of
the writ of *fieri facias* for costs in the earlier case, and for
general relief.

Upon the filing of this bill with an affidavit of the truth of
the matters and facts therein set forth, the Court on April
22nd, 1908, passed an order directing an injunction to issue
as prayed, provided the complainants would deposit the sum
of $914.15, the amount of the costs, in bank to the credit of
the cause.

In substantial compliance with this provision of the decree,
the above mentioned sum of $914.15, was deposited with the
Clerk of Circuit Court No. 2.

The defendants, Tyson Willson and wife, have not appeared
to the bill of complaint thus filed against them, nor have they,
so far as the record discloses, been summoned to appear, but
William B. Willson, the father of Tyson Willson, having ob-
tained leave of Court to come in as a party defendant, has
filed an answer setting forth that he has paid or assumed to
pay the sum of $632 of said costs and praying that the order
of injunction granted as aforesaid, be so far modified as to
enable him to obtain said sum of $632, out of the fund of
$914.15, on deposit with the Clerk of the Court.

Exceptions were filed to this answer by the solicitors for
complainants, suggesting that William B. Willson was not a
proper party to the proceeding and that by the decree of the
lower Court in the earlier case to which William B. Willson,
was a party defendant, it had been provided in dismissing the
bill of complaint as to him that he should have such costs to
be paid to him by the plaintiff W. Eason Williams, and the
equitable plaintiff, Joseph N. Ulman, as should be properly

taxable against them as incurred by William B. Willson in
defending the *bona fides* of his mortgage.

The exceptions further averred that the proportion of costs
thus awarded to William B. Willson had never been taxed or
paid, and it was proposed that such costs be taxed and paid
out of the fund of $914.15, then in the hands of the Clerk of
the Court to the credit of the case.

In accordance with this suggestion a petition was filed by
William B. Willson, on April 4th, 1908, setting forth that the
amount of costs to be paid him on account of the expenses
incurred by him in defending the *bona fides* of his mortgage in
the earlier case had been "fixed by agreement of all the par-
ties concerned at $40," and praying that the Court would
pass an order directing the Clerk to pay the petitioner the said
sum of $40, to which he was entitled in his own right, out of
the fund of $914.15, above mentioned.

The complainants assented to the passage of such an order
and the same was accordingly passed by the Court on April
4th, 1908.

It was agreed for the purpose of hearing the application of
William B. Willson for a modification of the order of in-
junction above mentioned, with the understanding that the
rights of Tyson Willson and wife, should not be affected
thereby, that said Tyson Willson and wife are insolvent and
have been so since January 1st, 1902, and that they are indebted
to the plaintiffs herein in an amount exceeding the sum of
$914.15, on an indebtedness due by them to the plaintiffs
prior to February 10th, 1905.

The prayer of the appellant for a modification of the order
of injunction was heard by the lower Court upon the bill, an-
swer, exhibits and agreed statement of facts, and the learned
Judge refused to modify said order.

From this decree refusing the application of William B.
Willson for a modification of the order of injunction, the pres-
ent appeal was taken.

The only question in the case for this Court to decide is,
therefore, whether the lower Court was right in refusing the

modification for which the appellant prayed, or to state the case differently, the question is, whether the equitable rights asserted by William B. Willson in his answer, are superior to those asserted by the complainants in their bill of complaint filed in this case.

Willson asserts the equitable right to be reimbursed, out of the costs awarded to the appellants in the earlier case, the whole sum laid out and expended, or assumed by him, for costs and expenses in that case, to wit, the sum of $632 less of course the sum of $40 already received by him as his share of the costs incurred in defending the *bona fides* of his mortgage.

The complainants claim that, as they were the appellees in the earlier case, against whom the costs were decreed by this Court, they are entitled to set-off the whole amount of these costs (less the sum of $40 paid William B. Willson) against the indebtedness due them by the appellants in that case, Tyson Willson and wife.

It should be understood that the rights of Tyson Willson and wife are not involved in this appeal.

While they are the only original parties defendants to the bill of complaint, they have not been summoned and have not voluntarily appeared.    But as their potential rights are necessarily involved in this appeal, and as it will conduce to clearness to consider them separately, we will give them consideration preliminary to the consideration of the rights of the appellant.

. Courts of equity act independently of the statutes of set-off and are accustomed to order a set-off, when reason and justice require it, in cases where Courts of law would be unable to grant relief.    *State* v. *Northern Central Ry.*, 18 Md. 193; 19 *Ency. P. & P.*, 718.

When final judgment or decree is pronounced, costs become a debt due from the party against whom they are awarded to the party in whose favor they are awarded.    11 *Cyc.*, 263; *Ruddell* v. *Green*, 104 Md. 379.

. "If the judgment be against the plaintiff, the liability, at once ripens into a debt due by the party on whom the costs are imposed."    *Ibid.*

A judgment or decree for costs can only be rendered in favor of a party to the suit.   11 *Cyc.*, 153.

Upon the decree of this Court in the case of *Willson* v. *Williams, supra*, reversing the decree of the lower Court, so far as the appellant's rights in that case were concerned, and awarding costs above and below to the appellants, the amount of such costs, viz., $914.15, less the sum of $40, agreed on as the share thereof incurred by William B. Willson in defending the *bona fides* of his mortgage, in the lower Court, became a debt due by the appellees in that case, who are the complainants in this case, to the appellants in that case, who are the original defendants in this.   On the other hand the debt claimed by the complainants in this case, and admitted to the extent of more than $914.15 to be due, is a debt due to them by the appellants in that case.

The demands of the respective parties are therefore mutual, and in the same right.   *German Luth. Ch.* v. *Heise*, 44 Md. 453.

A judgment may be set-off against a claim or open account, not reduced to judgment.   *Levy* v. *Steinbach*, 43 Md. 212; *Lane* v. *Fallen*, 16 Md. 352; *Waterman on Set-Off*, sec. 176.

In this respect, therefore, the contention of the appellant to the effect that the obligations of the respective parties are not of the "same kind or quality" cannot be sustained, and we have not had pointed out to us, nor can we discover, any other respect in which this dictum would apply so as to defeat the complainant's right to an equitable set-off as prayed.

Insolvency has long been recognized as a distinct equitable ground of set-off, *Waterman on Set-Off*, sec. 396, and for the purpose of this appeal Tyson Willson and wife are admitted to be insolvent.

As against them, therefore, if they were before the Court upon the facts as they now appear, we think the complainants in this case would clearly be entitled to the benefit of the set-off, which by their bill of complaint they seek to obtain.

But the appellant very earnestly contends that as he paid certain costs in the earlier case to the Clerk, the Examiner

and the Stenographer, as well as to the Clerk to the Court of Appeals for printing the record, and has also assumed to pay King Bros. for printing the appellant's brief in that case, he is entitled to be subrogated to the rights of these respective persons, who have, as he asserts an absolute right to their compensation which the Courts will always protect.

We agree that the rights of officers of the Court whose compensation for services rendered in a cause is properly taxable as part of the costs of the case, will always be protected by the Court so far as practicable (as in *Hall* v. *McPherson*, 3 Bland, 529, where the payment of the fees of a commissioner was enforced by a summary order of the Court; and as in *Reddick* v. *Cloud*, 7 Ill. 670, where it was held that a Sheriff who had collected costs under an execution may be compelled to pay over, out of the costs so collected, to the officers entitled to the same, the amount of their lawful fees), but we cannot agree that the officers have any such absolute lien on the taxed costs of a case, as may be unconditionally transferred to another, either by assignment or by subrogation.

The Court will, so far as it may, exercise its incidental powers to enforce the payment of costs for the protection of its own officers, and for the more efficient administration of justice, but these reasons do not apply when it is called upon to extend the exercise of these powers for the benefit of third persons who have themselves paid these fees or costs.

Even in a case where the Court held that the officers had a lien on the judgment for costs, a set-off was allowed the successful party against the unsuccessful one to the extent of all costs actually paid. The Court refused the set-off only as to the costs *not actually paid*, because the officers were entitled to their fees, and had a lien on the judgment for them. *Aiken* v. *Smith*, 6 C. C. A. 413. In the present case if the officers, and other persons rendering services, whose compensation is properly taxable as part of the costs of the case, but whose fees have not been paid would suggest to the Court that they desire to be paid out of the cost fund in Court to the credit of the case, the Court would be justified in passing an

order authorizing its clerk to pay these unpaid fees and expenses out of that fund, but the case just cited is an authority against the contention of the appellant that a third person who has paid certain fees and expenses for the accommodation of a party is entitled to be reimbursed through the intervention of the Court, in the same manner as the officers themselves may recover the compensation due them.

In such a case the person discharging the fees and expenses must look to the party at whose instance the services were rendered.

The reason for this distinction no doubt is that, in contemplation of law the parties to a suit pay their own part of the fees and expenses as they are incurred, during the progress of the case, and judgment for costs is rendered in favor of the prevailing party, upon the theory that he has paid, or is liable for, the fees and expenses incurred by him, and to reimburse *him* therefor.   5 *Ency.*, P. & P. 253.

The party requiring an officer to perform services for which compensation is to be made, is primarily liable therefor, and the fact that the costs may be ultimately adjudged against his adversary, does not relieve such party of his liability to the officer entitled thereto.

If the adversary against whom costs are adjudged, fails to pay the same, or if for any reason the officer is unable to collect his compensation from such adversary, he still has his remedy against the party at whose request in the first instance the services were performed.

If therefore the costs incurred by one of the parties during the progress of a case, are paid by a third person, the right of such third person to reimbursement is primarily against the party for whom the costs were paid, and if such party be the successful one to whom costs are awarded, the right of the third person to any part of these costs, is only through and by virtue of the right of the successful party thereto.

The right of such third person can therefore be no higher than that of the successful party, and such right is necessarily subject to all the equities which would exist against that party himself.

A similar contention to that of the appellant in this case was fully considered by this Court in the case of *Marshall* v. *Cooper*, 43 Md. 46.

In that case, as in this, a bill was filed to obtain the benefit of an equitable set-off. One Utterback, had obtained a judgment against Cooper for $6,000 and costs of suit. This judgment had been entered to the use of Messrs. Marshall and Fisher who thus became liable for a large amount of costs incurred in prosecuting the suit. As incidental to the relief of set-off, an injunction to restrain the enforcement of this judgment was prayed for.

It was urged in that case that Marshall and Fisher should at least have the costs for which they were responsible, excepted from the operation of the order directing such an injunction to issue. But this Court held that the rights of Messrs. Marshall and Fisher were subject to the equitable rights of set-off claimed by Cooper, and the decree of the lower Court restraining the enforcement of the judgment was affirmed.

But the appellant contends that he was a party to the earlier case and as such, obliged to lay out and expend a large sum in the lower Court in defending the *bona fides* of his mortgage, and that he should at least be reimbursed for these costs which he was obliged to pay. We think this contention is answered by what we have said, but in addition to the reasons already given, it must be remembered that the lower Court in the earlier case awarded Mr. William B. Willson a proportion of the costs incurred by him in that case, and the sum agreed upon and accepted by him, was $40.

No appeal was taken from the decree of the lower Court, in that case, so far as it determined his rights, and consequently that part of the decree remains undisturbed.

His acceptance of the $40 as his share of the costs operates effectually against his contention that he was obliged to pay the residue for which he seeks reimbursement. As to this residue he stands in no better position than a stranger to the proceedings, who has paid the fees and expenses for the benefit

and accommodation of one of the parties.   He may be subrogated to the rights of such party but not to the rights of the officers whose fees he has paid.

We have carefully examined the able briefs of counsel for the appellant, but we cannot give our assent to the application of the doctrine of subrogation in the way and manner which is so earnestly contended for therein.  We do not think the cases cited support such contention as applicable to the circumstances of this case.

It follows from what we have said that we do not consider· the right of the appellant to reimbursement for the fees and expenses defrayed by him for Tyson Willson and wife, in the earlier case, out of the costs awarded them in that case, superior to the right thereto of Tyson Willson and wife, themselves, against whom, as we have seen, on the facts as they now appear, the complainants are entitled to the equitable set-off which they seek.   The decree of the lower Court will therefore be affirmed.

*Decree affirmed with costs.*